IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN MARCEL ROMEO HEATH, | ) | |
| Plaintiff, | ) | C.A. No. 13-276 Erie |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Conti |
| DEPUTY OVERMYER, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that Plaintiff's "motion form protection order," which is construed as a motion for temporary restraining order [ECF No. 3], be denied.

**II.    REPORT**

   **A.    Relevant Procedural and Factual History**

Plaintiff Jordan Marcel Romeo Heath, an inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), has filed a motion seeking an Order from this Court granting "a protection order on his mail, property, [and] self… from future retaliations" resulting from the filing of the present lawsuit. (ECF No. 3 at ¶¶ I and II). In making this request, Plaintiff states that he "believes that he is in need of a legal order" because he "believes" Defendants have a lot of influence over SCI-Albion staff members. (Id. at ¶¶ II and III).

   **B.    Standard of Review**

The four factors that must be shown for the issuance of a temporary restraining order

are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the movant must show: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010), quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).

**C.** **Discussion**

Based on the speculative nature of Plaintiff's request, this Court finds that Plaintiff has failed to meet his burden of showing immediate irreparable injury. Plaintiff has simply indicated that he fears he will be harmed because he has implicated certain individuals in the present case. To sustain his burden of showing immediate irreparable injury, however, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

**III.** **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiff's "motion form protection order," which is construed as a motion for temporary restraining order [ECF No. 3], be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: October 30, 2013

cc: The Honorable Joy Flowers Conti
Chief United States District Judge