IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORDAN MARCEL ROMEO HEATH,  )
        Plaintiff              )     C.A. 13-276 Erie
                                     )
        v.                              )
                                     )     Magistrate Judge Baxter
DEPUTY OVERMYER, et al.,     )
        Defendants.        )


**OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.    INTRODUCTION

### A.    Relevant Procedural History

Plaintiff Jordan Marcel Romeo Heath, a prisoner formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest")[2], filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on September 9, 2013, against Defendants Deputy Overmyer at SCI-Forest ("Overmyer") and Forest County District Attorney Elizabeth Ziegler ("Ziegler").

In his *pro se* complaint, Plaintiff alleges that on June 22, 2011, while incarcerated at SCI-Forest, he was spit on by another inmate in the Restricted Housing Unit (ECF No. 10, Complaint, at Section IV.C). Following the assault, Plaintiff filed criminal charges against the other inmate, which were subsequently dismissed by Defendant Ziegler (Id.). As a result of the dismissal, Plaintiff claims that Defendant Ziegler violated several of Plaintiff's constitutional rights. In addition, Plaintiff claims that Defendant Overmyer conspired with Defendant Ziegler to have the charges dismissed. As relief for his claims, Plaintiff seeks to recover monetary damages.

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 8, 31, 34].

[2] Plaintiff is currently incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania (ECF No. 43).

On February 27, 2014, Defendant Ziegler filed a motion to dismiss Plaintiff's complaint [ECF No. 35], asserting, *inter alia*, that Plaintiff's claims against her are barred by the doctrine of absolute prosecutorial immunity. Defendant Overmyer filed her own motion to dismiss on February 28, 2014 [ECF No. 38], arguing that Plaintiff has failed to state a claim against her upon which relief may be granted. Despite having been given ample time to respond to Defendants' motions, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact

pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Defendant Ziegler

Defendant Ziegler argues that all of Plaintiff's claims against her are barred by the doctrine of absolute prosecutorial immunity. The Court agrees.

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Prosecutors engaged in solely administrative or investigative duties are not likewise immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). Courts confronted with claims challenging prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). *See also* Rose v. Bartle, 871 F.2d at 343.

Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy

with state actors while engaged in an advocacy role. *See* Rose; Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler, 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F. Supp. 160, 161 (E.D. Pa. 1982).

Here, Defendant Ziegler's challenged decision to dismiss Plaintiff's criminal charges against the inmate who spit on him at SCI-Forest clearly fell within her role as prosecutor and was, thus, "judicial" in nature. As a result, Defendant Ziegler is immune from liability under the doctrine of absolute prosecutorial immunity and Plaintiff's claims against her will be dismissed accordingly.

### 2. **Defendant Overmyer**

The only claim stated against Defendant Overmyer is that she allegedly conspired with Defendant Ziegler and/or DOC officials to have Plaintiff's criminal charges against the other inmate dismissed. Defendant Overmyer has moved to dismiss this conspiracy claim, arguing that it fails to state a cognizable claim upon which relief may be granted. The Court agrees.

The totality of Plaintiff's conspiracy claim is that "Deputy Overmyer had a conspiracy also with Ms. Sauers, Deputy Secretary of the W. Region David A Picken, because she threw of [sic] Commw v. Harmonds, CR-73-11 Commw v. McClary CR-76-11" (ECF No. 10, Complaint, at Section IV.C). Not only is this statement confusing and nonsensical, it fails to state any basis for establishing a conspiracy between Defendant Ziegler and Defendant Overmyer. Instead, it appears Plaintiff's allegations that any conspiracy claim is based upon his own suspicion and

speculation, rather than fact. As a result, Plaintiff's conspiracy claim fails to state a claim upon which relief may be granted and will be dismissed. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991); Wardell v. City of Erie, 2014 WL 3697945, at *2 n.8 (W.D.Pa. July 24, 2014) ("allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation").

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN MARCEL ROMEO HEATH, | ) | |
| Plaintiff | ) | C.A. No. 13-276 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| DEPUTY OVERMYER, et al., | ) | |
| Defendants | ) | |

# **ORDER**

AND NOW, this 3rd day of September, 2014, based upon the reasoning above

IT IS HEREBY ORDERED that Defendant Ziegler's motion to dismiss [ECF No. 35] is GRANTED, and Defendant Overmyer's motion to dismiss [ECF No. 38] is GRANTED, and this case is dismissed. The Clerk is directed to mark this case closed.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge